Our last case for argument today is 24-2054, Avant Assessment v. The United States. Please proceed. Thank you. Good morning, Your Honors. May it please the Court. This case is about the Presentment Clause of the Contract Disputes Act and whether or not the clause is a jurisdictional requirement or a non-jurisdictional claims processing rule. The Supreme Court in the last three years has... Did the claims court say that even if it's not jurisdictional, it would reach the same result because it is a mandatory rule? It said that in dicta, but there was no briefing on it. The government has not filed a 12B6 motion and there was no discussion of it in the briefing. So what might happen if, in fact, this court were to rule that the presentment requirement is a non-jurisdictional processing rule and the matter were remanded back to the court? What I would expect would happen is the government would file a 12B6 motion and then we would brief it and there would be evidence and discussion on whether or not the forfeiture requirement from some of the prior decisions, most recently ECC in this court is into play. It's not just the presentment. It's that you don't have a contracting officer's decision on this claim. And so we don't even need to get to the presentment stuff. You don't even meet 1491, much less the CDA. So we went under a deemed denied theory, which is permitted under the contracting act? Well, it's only deemed denied if you presented it to the contracting officer. You can't have a deemed denial of a claim that wasn't presented. And if you actually presented it, then we didn't have a presentment issue. So where in the record did you present this theory that the government improperly used these questions to the contracting officer? So we have maintained, again, this was not briefed or discussed. We maintained, we were met with a motion to dismiss for claims preclusion in 2020 initially. Then that's when the court did uphold three of the counts on the UCC presentment issue. And then after that happened. What do you mean upheld three of the counts? The court ruled against the government on its claim preclusion argument in 2020 on the argument that the government used under the UCC. Because those weren't part of the claim. They were not part of that, right. Well, here's the problem. If that claim is what you're relying on for presenting it to the contracting officer, the court found everything in that claim was precluded. And the reason it didn't find this issue precluded was it wasn't in that claim. But if it wasn't presented in that claim, where was it presented to the contracting officer that resulted in a deemed denial? It was presented to the contracting officer in 2018 in the supplemental. Well, that makes no sense to me. Because if it was part of the claim anywhere, then the court would have found it precluded. The reason it found it not precluded is because it was a new set of facts. Yes, but so what happened was in the course of discovery in the AS. I understand the factual background. You discovered this. The problem was you never went to the contracting officer and said we deserve compensation, not for your constructive acceptance, because that's all precluded, right? We deserve compensation for your use. Where did you make that argument to a contracting officer that resulted in a deemed denial that would give the court jurisdiction? Yes. So in 2018, after the issue arose in the ASVCA proceeding, we filed supplemental termination for convenient settlement proposals or in the alternative. Didn't that all form the basis for the claim preclusion holding? It did not. That's why there was the separate 2022 proceeding where the government, after ruling against the government, after the court ruled against the government on the three UCC claims, and the court said that those weren't precluded, there was a subsequent, which is why we're here today, a subsequent motion. So you're relying on something different now, I take it. Maybe it's in the record I own. Where is that 2018 proposal in the record? And where does it say we deserve compensation after, was this after the board converted to convenience? This was after the board converted all three contracts for convenience, yes. And where in that 2018 does it say we're entitled to compensation because you used these? That's, so in 2019, and we referenced... No, no, no, this is what you're relying on. You tell me where in that 2018 submission to the contracting officer that you say is the claim that you specifically said use, because that's what the court of federal claims said was a new set of facts that wasn't precluded. I don't understand that you've ever submitted that to the contracting officer. So we submitted it in 2018, and in 2019, and this is... No, you submitted it in 2018. Where? Where is that submission? Is it in the record? It is not in the record because it was never discussed. It was never a point of discussion at the previous proceeding. There was never a 12B6 motion. You still have to show you submitted something to the contracting officer. If you look in the last page of our opening brief, there is a footnote that describes the situation, and it references a 13 September 2019 decision that we deemed denied from. Wait, wait, please be clear about what you're saying. A 13 September 2019 decision that deemed denied, you don't have a deemed denial if it's a decision. You either have a decision or you have a deemed denial. What is this 13 September 2019 document? It's the response to the claim. They never actually phrased it or designated it as a contracting officer's final decision. And where in that does it say that you're not entitled to compensation for use? It says, as you are aware, it's, excuse me, it is based, so this is the contracting officer's statement. I have reviewed Avant's termination settlement proposal and in the alternative certified claim for contract number W9124N-10-C-0109. It is based on the incorrect assumption that the government has retained a copy of Avant's rejected submissions for its use. So we submitted the termination settlement proposal.  That sounds to me like it's the retention argument that you made and that the court found precluded, not the actual use. Okay. I mean, look, if you actually had a contracting officer's decision denying your claim under the UCC for usage of these questions, I would expect it to be in the record and we wouldn't be here. But I don't think you have it. You certainly haven't put, we have the record, we have the record we're stuck with. That's on you. And if I don't see a contracting officer's decision, I don't even understand why we need to get to the... So Judge Myers in 2024 in dicta brought this issue up. There was never an allegation. It's never been discussed. You brought it up too because you're trying to get out of the claim preclusion and say this is not part of the portion that we could have brought and the reason, this is your hard point. Either you raised this previously and therefore it's claim precluded or you didn't raise it and there's no decision on it. Okay. I know you want to talk about the presentment stuff. This is my problem factually with this case. I don't even understand why we need to reach this. On the presentment stuff, why is ECC not a huge problem for you? It specifically goes through how to look at jurisdiction in these cases with after MOAC and Wilkins. And it says very specifically that not only the Tucker Act, but the CDA is jurisdictional and it references the portions of the CDA we're talking about. The reason ECC found it not jurisdictional is because the sum certain was in a regulation which by definition can't be passed by Congress. Do you agree first of all that the CDA is jurisdictional? Do I agree that the Contract Disputes Act has a jurisdictional requirement? Yes, in 7104. Right. And what is that? It says that the Court of Federal Claims shall have jurisdiction to hear contract disputes from the Tucker Act 281491A. And 281491A specifically referenced. On the claim, right? Yes, on a claim. And it specifically references back to 7104. The claim is what's presented to the contracting officer. The claims processing rules are in 7103. They are not in the jurisdictional provision of 7104. I think there's references in ECC that suggest 7103 is also jurisdictional. I believe the Supreme Court's recent decisions, Riley v. Bondi, Wilkins v. U.S., MOAC v. Transform, all not finding that. If you're relying on MOAC and Wilkins, we've already addressed that in ECC and we found that that wasn't enough to find 7103 non-jurisdictional. Okay. I mean, you're basically asking us to go on bond card too. I am not because the Barclay decision in 2006 of this court specifically states that if the, if the consideration is . . . Yes, but you're relying on MOAC and Wilkins and we've already looked at MOAC and Wilkins in this context and found that it doesn't, it is jurisdictional, this provision. Okay. I mean, look, I'm not going to argue. If you disagree with me, you disagree. Well, I'm just trying to figure out what you're asking us. You're asking us to ignore ECC, which is pretty clear, even if we don't follow Tolliver, which also is pretty clear. Yeah. And I'm also struggling with the factual predicate. I mean, you agree, don't you, that if you did not present this claim to the contractor, contracting officer, we don't even have to get into any of this because there's no deemed denial. I would agree, but we did present it to the contracting officer. Where in the record to the Court of Federal Claims did you tell him? It never arose. It sure did. They filed a motion to dismiss for lack of jurisdiction because you didn't present it to the contracting officer. In response to that, did you identify a document? That's a factual dispute as to whether or not the submission. But a 12B1 motion can have jurisdictional factual disputes and if they put that into play and said you didn't submit something, isn't it your obligation to dispute that? They don't disagree that we submitted something. I think they do disagree that you submitted a claim for improper use under the UCC. I think absolutely that's why they moved to dismiss. I think Mr. Roehl will agree with me that what was submitted stated that there was a UCC constructive acceptance violation. And that's what the Court of Federal Claims found was precluded. The Federal Court of Claims did not actually address that issue at all. They didn't look at it. In dicta, he said, well, so, you know, the first ruling that partially granted the dismissal for claim preclusion, but denied it with respect to these three UCC claims. How could that, the saving of the three UCC claims be consistent with what you're now saying about what you submitted to the contracting officer? So the dispute has been over whether Avant sufficiently described how the government used the items, their test items, that are created under a contract that are used primarily for NSA and CIA language proficiency tests that the government then gives a certain score to government officials needing foreign language proficiency. And it's for a compensation basis, promotion basis, and things like that. So what the government has argued for years and led ultimately to the decision was that in this 2018 submission that Avant didn't sufficiently describe how the government used Can I just ask, what's the date specifically on the 2018? Is it before or after the October 3rd, 2018 ASBC? It was, so in April of 2018, we were in Monterey, California doing discovery. And the government provided some additional discovery when we were on the DLA campus in Monterey. And in the information that we received, the government official who provided that to us said that they had had to make another copy of the language proficiency data because they had sent it out to a third party. That became an issue in the October hearing, in the ASBC hearing in Eugene, Oregon in October of 2018 as to what was done with the information. Judge Misamil in the ASBCA ruled that because the UCC theory wasn't presented in the original claims going back as early as 2013, that he didn't have jurisdiction to rule on that. That prompted our, you know, submission of a new, because at this point we were still within the six year statute of limitations on the UCC issue. So what we did is we provided and filed new supplemental termination settlement proposal claims or in the alternative CDA claims. And that's what you now have been talking about as having presented this UCC issue? Yes, because Judge Myers was outside the claim preclusion because it actually post dated the litigation before the board.  So what document was that? Was that the 2018 document you're talking about? The 2018 claim submission or the 2018 ASBCA decision? No, no, it's your case. You just said you submitted new supplemental document. Yes, that's what I just referenced that culminated in the October or the September 2019 letter that didn't say it was a contracting officer's final decision that said that they, that the government disagrees with our contention. If you think these 2018 submissions to the contracting officer were a presentment of the issue, then why didn't you argue that to the court of federal claims rather than this jurisdictional stuff? We wouldn't be talking about this if they were actually there. The record that we have, that comes to us is you didn't present it because otherwise you wouldn't be arguing this presentment issue. So we did present it and Judge Myers in his decision found, agreed with the government that what was presented there was not a sufficient explanation of how the data was used by the government. It failed the use plank. I don't think there's a, I don't think there's any argument. Not the argument on appeal, not this jurisdictional argument. If the argument is he has misread our submission and that we did present it, then that's a we, we would, we agree with that too. And we, but that's not what you appealed. Well, I, Mr. Herrick, how about we save a little bit of time for rebuttal is short. It may please the court. Do you know what 20, this 2018 document he's talking about that he submitted to the contracting officer that resulted in a September, 2019 letter? Sure. It's well, it's June, June, 2019 is actually the date of the, the let the submissions to the contracting officer. And it's there in appendix 600 to 624, I believe. And, um, so that's what the position that we, we took below was that, that, that, that did not, that didn't include any, it didn't adequately address use. Exactly. It didn't, it didn't argue that the government used the, uh, the rejected, the rejected test materials. And that's what judge Myers agreed with us on in his 2024 decision over here on the jurisdiction question. Exactly. And as judge Hughes pointed out, what's been appealed is whether or not the claims resentment requirement is jurisdictional or they forfeited the argument that this actually was presented out of peel.  Exactly. Myers found it wasn't presented in this document. Exactly. That's what we're stuck with. Right. And whether this is a mandatory claims processing rule or a jurisdictional prerequisite, they advanced provide no reason to believe the analysis should be different. I mean, I'm a little baffled about why we're not even talking about the notion that if you don't present something for a contracting officer decision, there's no claim for the contracting officer to decide, which is all in 1491. Not even, we don't even get to the CDA. Okay. That's, that's correct. And at the parent paragraph, No, you didn't really argue it that way. You argued the much more complicated view of 1491 connects to 7104B1 connects to 7103A1. But 1491 says the court of federal claims has jurisdiction on a decision by a contracting officer on a claim submitted. And if there's no claim submitted, then there's no jurisdiction. It doesn't say submitted, but on a claim, it has to be a claim. And if I, yeah, I apologize if we didn't argue it as best, as best we could. But I think, I think Peregrine supports exactly what you're saying, your honor. Do you think ECC already pretty much decides that these CDA provisions are already jurisdictional? It certainly suggests that 7104B1 is jurisdictional. Right. Yes. And I don't think there's any dispute about that in this appeal even. Yeah. ECC said the statute links the claim in 7103 to the jurisdictional hook of 7104. It also said the CDA grants the boards and the court of federal claims jurisdiction over claims. And it also said a claim that complies with the statute's requirements is a proper claim for jurisdictional purposes, irrespective of additional regulatory requirements that Congress has not imbued with jurisdictional weight. And I assume that your argument is still that even if the Supreme Court has been moving towards holding these types of provisions not to be jurisdictional, we expressly addressed Wilkins, for example, in ECC and concluded otherwise, whether we're right or wrong, our court's already made that decision, and so this panel can't really unravel it. Yes, that's correct, ECC or the other 40 years of decisions that we have on this. Barclay and everything else, yeah. Can you, you do have a section in your brief, I think, on the 12B6 ground here, which the claims court cited, and I think the response from Mr. Hare was he didn't file a 12B6 motion. There was no briefing on whether this could be granted under 12B6, and the absence of that briefing is not just a formal matter, because there are real, non-trivial questions about forfeiture, which is the usual reason that it makes a difference, well, one of two usual reasons that it makes a difference, whether something is jurisdictional or just a mandatory rule. So can you address that? Sure. I mean, yeah, the waiver, I mean, there is no potential forfeiture here by the government. We raised this issue before even filing an answer under Rule 12H2 of the Court of Federal Claims rules. The same as the civil rules. Right. Yeah, we could have raised that in an answer, in a motion for judgment on pleadings, a trial. So we raised this before even filing an answer. There's no question about forfeiture here. Would there have been a difference in the record that could be used for the decision, right? But not extra record material, extra complaint materials, which are considered, can be considered for a 12B1 jurisdiction. I guess if it was motion for judgment on the pleadings, we would have our answer. But I mean, in reality, of course, at trial, there could be more whatever evidence is presented. But we actually moved under 12B1 here. So plaintiff was free to put in whatever evidence they wanted to demonstrate jurisdiction. And we had the claims themselves in the record. The claims didn't address the use. But what was listed as claims from June 2029, that was in the record already in the complaint. And whatever else Avant wanted to put in, it could have done so on that jurisdictional motion at that time. And it didn't. So we don't see how this issue would be differently analyzed if the claim presentment requirement was not jurisdictional, which it is. Unless the court has any further questions, we respectfully request that the court affirm the trial court's decision. Mr. Harrell, I'll give you two minutes of rebuttal time. I mean, the main issue with what you were just discussing is if this were brought as a, so the lower court decided that we didn't present it, right? We disagree. But that's what the court decided. And you didn't appeal that? Well, we have appealed it. It's in the briefing. But putting that aside. But you didn't say that, I don't want to waste all your time on this, but there's not an argument in this brief that the court of federal claims incorrectly determined that you didn't present the claim. The argument is that the claim presentment requirement is not jurisdictional. So in our brief, we argue that we thought the government was wrong. And if we succeeded on the remand on the issue of the jurisdictional issue, that further evidence, if the government brought a 12B6 motion, further evidence and factual evidence in that proceeding would establish that we did, in fact, either present it or that the court was wrong. But the court didn't hold it. The court's holding was dicta. Can I ask you, well, it's either dicta or it's an alternative grounds for affirmance, whichever, or alternative basis for affirmance. Do you see any difference between the use of the word decision on a claim in 1491 and claim, contractor may bring an action on a claim in 7104B1, which I think clearly we all agree are both jurisdictional and claim submitted in 7103, aren't they all referring to the same thing? No, I think that the Supreme Court's several recent holdings, which require a clear Let's say a claim in 1491 and 7104B1 that's not submitted. I think what the Supreme Court is saying that in 7104, if you really want to decide that a presentment, a failure of presentment is a jurisdictional problem in 7104, they should have said the Court of Federal Claims has jurisdiction. I'm trying to distinguish because you seem to be interpreting a submitted claim, that term different from claim in 1491 and 7104. What's the difference? They're all claims. The claim submission requirements are in 7103. There is nothing in 7104 that says anything about the processing rules of submitting claims. That's all in 7103. 7104 is purely jurisdictional, as is the statement in 281491A, and the Supreme Court's recent decision seemed to be You don't think that the inherent definition of claim involves claiming something from the government, which requires submitting it? So there's a series of cases. I understand all the cases. I am asking you about the definition of the word claim as it's used in these three statutes. I don't understand your non-jurisdictional claims processing rules. No, no, no, you're not answering my question. Does the word claim have the same meaning across all three statutes? Does the word claim have the same meaning? Yes. I would agree that the word claim is a claim means you're asking is as defined in the Contract Disputes Act. Okay. Can I just ask you to spend 30 seconds, if you would, on how you think we can distinguish ECC or why you think the Supreme Court case law makes it such that we can disregard the prior ECC decision? So the Supreme Court has said nothing about drawing a distinction between a regulatory, something that exists only in the FAR or a regulation versus something that exists in the statute itself. And, in fact, the Supreme Court has issued a number of cases most recently in Sorry. I thought there was a footnote in the Court's opinion. In Beschler. In Beschler versus IRS, 596 U.S. 199, 2022 case, they specifically said that if you have a claims processing rule and a jurisdictional rule in the same section of the statute that doesn't matter. You still have to have that separate, clear congressional, that Congress has to clearly state that something is jurisdictional or it's not. And this is my argument about 7104. I think if we wanted to have a situation where a claims processing rule was jurisdictional, they should have added in 7104 and referenced back to 7103A1's requirement for presentment and said if you don't present this to the contracting officer, then we don't have jurisdiction. Okay. Thank you, Mr. Herr. I thank both counsel. The case is taken under submission.